UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

SHANNON D. MILLS,  )
   )
   *Plaintiff,*  )
   )
v.  )   1:12-cv-352
   )   *Chief Judge Curtis L. Collier*
LT. TURNER, LT. KNIGHT, SGT. MINTON,  )
OFFICER OWENS, OFFICER MOORE,  )
   )
   *Defendants.*

## **MEMORANDUM**

Plaintiff Shannon D. Mills ("Plaintiff") filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 without paying the filing fee or submitting an *in forma pauperis* application along with all of the required documents (Court File No. 1). Because Plaintiff failed to pay the filing fee or submit a an *in forma pauperis* application along with all of the required documents, the Court issued a deficiency order (Court File No. 3).

On November 15, 2012, the Court issued an order directing Plaintiff to file the $350.00 filing fee or an *in forma pauperis* application along with a Prisoner Account Statement Certificate completed by the authorized custodian of inmate accounts within thirty days from the date of the order (Court File No. 3). Plaintiff was forewarned that failure to pay the filing fee or return the completed documents within the time required would result in the dismissal of his case for lack of prosecution.

Plaintiff has failed to respond to the Court's Order. Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a suit when a plaintiff fails to prosecute his case or follow a court's order. Plaintiff's failure to abide by the Court's order has resulted in Plaintiff failing to abide by the Court's order. Plaintiff's failure to follow the Court's Order and the Court's interest in

managing the docket weigh in favor of dismissal, as the Court cannot hold this case in abeyance indefinitely waiting for Plaintiff to pay the filing fee or submit the proper documents.

Plaintiff has given no indication that he intends to proceed with this action. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. Given Plaintiff's failure to abide by this Court's Order, no lesser sanction than dismissal is feasible.

Therefore, this action will be **DISMISSED** for Plaintiff's failure to comply with the orders of this Court (Court File No. 1). Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

An appropriate Judgment will enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**